not void, and it authorized a higher rate of fare; and that the change so made without advertising as provided by sec. 5502, Revised Statutes was not in violation of that provision.

The court in the case of Pelten et al. v. Cleveland Ry. Co., 22 Bull., p. 67, held:

"The consent of abutting lot owners upon a street occupied by a street railroad is not required, and is not a condition precedent to the right of the council to grant a renewal of the franchise of such street railroad company, under sec. 2501 and 2502 of the Revised Statutes.

"The change in the motive power from horses to that of electricity, does not constitute a new and additional burden upon the street, entitling abutting lot-owners to compensation before such change is made; or to an injunction to prevent such change."

The court has been cited to other decisions, but it thinks the case in the 14 Ohio St., referred to, is decisive of this case; the court's decision was upon the particular ground which is involved in this case. The court say:

"Upon the whole case, our opinion is, that the court below erred in holding the road district entitled to maintain an action, and in making the further extension of the railway dependent upon the consent of the trustees thereof."

The trustees, it appears, were willing to consent to the construction if the street railway company would build its track in the center of the street, but the street railway company would not do that, and the trustees would not otherwise consent.

The supreme court held, under the peculiar phraseology of the law under which the board of trustees was created, that their consent was unnecessary; and it reversed the court of common pleas upon that point.

The court further say:

"And proceeding to render such judgment, upon the facts as found, as, in our opinion, the law requires, we shall order the petition as to the road district to stand dismissed with costs; and in behalf of the remaining plaintiffs, Eppel and Russell, we shall order the railway company to stand enjoined from the further extension of their track, upon the line proposed, until they have legally acquired the right to do so, by obtaining the consent of these lot owners or otherwise acquiring their interests in the highway."

The judgment of the court in the cases at bar is, that the injunction in each case be made perpetual.

(*Note.*— This case came afterwards before the circuit court, where the following entry was made):

"Said track shall be so constructed by filling the space between the rails and each side thereof, so far as necessary with gravel, so that said track shall not substantially interfere with the use of said turnpike road

for travel thereon, but shall permit travel by foot passengers, horses and vehicles and like purposes in front of plaintiff's property, and without substantial impairment of such travel. Said railroad shall also be so constructed as not to injuriously interfere with the present system of drainage in front of plaintiff's property."

The court continued the cause until the railroad shall be constructed, and reserved the full right and authority to itself to modify the order or judgment.

---

(Superior Court of Cincinnati.)

General Term.

THE COVINGTON & CINCINNATI BRIDGE COMPANY v. PROCTOR D. PATRICK.

1. Where a duty is devolved upon one by law, he can not shift it over upon another (in this case upon a contractor) so as to exonerate himself from the consequences of its non-performance, or its negligent performance.

2. Whether or not there was error in the charge to the jury as to matters not material to the real issue, need not be considered by the reviewing court.

(For a former decision in the same case, by the same court, see 4 Nisi Prius Rep., 229.)

---

SMITH, J.; DEMPSEY, J., concurs; WRIGHT, J, dissents.

The plaintiff in error in this case was the owner of a large five story brick warehouse, located in this city. In August, 1895, the building was partially destroyed by fire, and the east wall of the building was left in a dangerous condition, leaning outward towards an adjoining alley. The support of the wall was also very much weakened by the action of the water used to extinguish the fire.

It is conceded that the wall was a menace to persons and property in the vicinity.

In December, 189F, the Bridge Company entered into a written contract with one Hasler, by which the latter agreed to tear down the wall. The contract provided that Hasler should "hold the Bridge Company harmless in case of accident to any person or property during the tearing down and removal of said building."

Hasler, in pursuance of this contract, undertook the work of tearing down the wall, when the wall fell over across the alley toward which it leaned, and onto the premises of Patrick, inflicting upon him serious personal injury.

It was conceded in the trial below, and is conceded in the argument in this court, that Hasler was grossly negligent in the manner in which he carried on the work; and that the falling of the wall was due to his negligence.

The case was tried before a jury, and a verdict returned for plaintiff awarding him damages in the sum of $2,000.

It is sought here to reverse this judgment upon the ground that the court erred with respect to a number of propositions of law which it stated in its charge to the jury.

It is one of the elementary rules of the law that a principal is responsible for the acts of his agent when acting within the scope of his authority; but where a contractor is employed to do a particular thing, that the employer is not responsible for the acts of the contractor—the rule of respondeat superior does not apply, and the contractor is alone responsible.

To this rule, however, there are various exceptions. The subject has recently been under examination by our supreme court in the cases of Railroad Company v. Morey, 47 Ohio St., 207, and Hanover v. Whalen, 49 Ohio St., 69.

One of the exceptions to this general rule, established by authority and consonant to the principle of natural justice, was declared in the case of Railroad Company v. Morey to be:

"That one upon whom the law devolves a duty can not shift it over upon another so as to exonerate himself from the consequences of its non-performance." S. & R. on Neg., secs. 174-176; Railroad v. Van Dorn, 1 Circuit Ct. Rep., 292; Wood's Master and Servant, sec. 316; Wharton on Negligence, sec. 185.

It is contended by plaintiff in error that the duty, here referred to is a statutory duty and that the rule must be so limited.

We do not think that such limitation can be made to the rule. In the cases cited by the court in Railroad Company v. Morey, and which we have just referred to, will be found a number of instances where the rule has been applied to cases where the duty was not one imposed by statute. Aside from authority and viewed in the light of principle, we do not see what sound ground there could be for rules so radically different applying in the case where the duty arose from statute and where the duty arose from contract or from the principles of the common law. The true rule seems to us to be that stated by the court in Railroad Company v. Morey, "that one upon whom the law devolves a duty can not shift it over upon another so as to exonerate himself from the consequences of its non-performance," and that it is immaterial whether the duty is imposed by statute or not, provided it is a duty imposed by law and enforceable in the courts.

The undisputed facts of this case, in our opinion, bring it within the operation of this rule.

The wall was a menace to persons and property in the neighborhood by reason of the impairment of its support. This fact was self-evident, and is conceded. It was likely to fall over at any time. It was a nuisance, and the obligation to remove it was a duty which the Bridge Company owed to neighboring persons and property.

It is true the Bridge Company was not the creator of the nuisance. Whether it materially increased the nuisance by allowing it to remain from August to December may perhaps be a question open to dispute. But the fact that the nuisance upon the property of the Bridge Company was created by the act of God, and not by the company, did not make it any the less a nuisance, and did not relieve the company from a duty to remove it.

It may be conceded for the sake of argument, although it is not necessary to express any opinion upon the subject, that where one creates a nuisance upon his premises, he must remove it at his peril, and that his duty is not discharged by the exercise of ordinary care; as for instance where he collects and stores upon his premises inanimate substances or animate things from the escape of which injury is likely to follow (the Defiance Water Company v. Olinger, 54 Ohio St., 538); but that where the nuisance is created by the act of God, his duty is discharged if he exercises ordinary care in its removal. We are not concerned in this case as to which is the standard of his duty; because, if the act of the contractor here was the act of the Bridge Company, inasmuch as it is conceded that the contractor did not exercise ordinary care in the removal of the wall, the Bridge Company would be liable.

It is urged, however, that conceding it to be the duty of the Bridge Company to remove the wall, nevertheless it discharged such duty when it exercised ordinary care to select a competent contractor, and that as it is not disputed but that the Bridge Company did exercise such care in the selection of the contractor, it can not be held liable, and that the court should have instructed the jury to return a verdict for the Bridge Company.

We think the answer to this argument is found in the mere statement of the principle that where a duty is incumbent upon a person he can not shift it. For to say that he can employ another person, however careful he may be in his selection, and thus relieve himself of responsibility, is in effect to say that he can shift the burden from himself to such person so employed.

One conclusion in this case is that the wall being a constant menace to the lives and property of those in the neighborhood, and likely to fall at any time, it was in fact and in law a nuisance; that its removal became a duty incumbent upon the Bridge Company; and being a duty incumbent upon it, such duty could not be shifted upon a contractor or any other person; that therefore the acts of the contractor were the acts of the Bridge Company, and that as the contractor was by admission of all parties guilty of negligence in the removal of the wall, and that by reason of such negligence the wall fell over and injured the plaintiff, the only question open for the determination of the jury was the amount of damage to

which the defendant in error was entitled. This amount having been determined by the jury, and not being excessive, the verdict should be allowed to stand.

As no exception has been taken to the charge of the court on the subject of damages, it is immaterial whether in discussing other propositions of law supposed to be involved the court fell into error or not, because all such other propositions were immaterial.

The judgment of the court below will therefore be affirmed.

Ramsey, Maxwell & Ramsey, for plaintiff.

W. W. Symmes, for defendant.

Dissenting Opinion.

WRIGHT, J.

With all respect and deference to the judgment of my learned colleagues, I must say that it seems to me that they altogether misconceive the application of the law to the facts of the case before them. While the supreme court has said, as quoted, "that one upon whom the law devolves a duty can not shift it over upon another so as to exonerate himself from the consequences of its non-performance," yet the supreme court has said nothing which puts upon property owners the duty of insuring lives against conditions which come into existence against their volition and independent of causes under their control. The duty put by law upon him whose act occasions a nuisance is different from the duty of him upon whose estate a nuisance is created by causes not controlled by him. If a man builds up a wall in a crooked, unsubstantial way it is well enough to say to him: "You put it there, now see that you safely take it away; you are responsible for all injury which can be traced to the existence of that which you create."

But if the Almighty send a tornado which carries away the roof and three walls of a good building, leaving the fourth about ready to fall, the possibilities of injury from such wall must be born by all persons alike, for that no individual man is responsible for this condition.

If the wall at bar had fallen during the progress of the fire, the owner would not have been liable; if it had stood for an hour, or for a day, and had then fallen, he would not have been liable; he never does become liable until there intervenes, after the fire, some act or omission of his which amounted to negligence. His only duty in regard to a nuisance not created by him is because it happens to come into existence upon his estate; and said duty is not that he shall be life insurer, but that he shall deport himself after the fashion of an ordinarily and reasonably prudent man in regard to its removal. If he allow it to remain so long that the danger is increased by lapse of time, he may in this respect become negligent; but no such claim is made at bar. If he undertake to let the removal to an independent contractor, he may be negligent

in his choice of persons; but at bar no such pretense is made.

So that, while I recognize that the law does not permit an individual to shift a legal duty which is upon him, yet I am of opinion that the law never put, and never will put, upon a property owner the duty of safely removing a nuisance created against his volition by the act of God. His duty is no more than to be as careful as a man of reasonable prudence should have been, and in this respect his duty is fully performed by delegating the work to an independent contractor whom he is justified in believing to be competent. In so doing he shifts no duty which is upon him, but discharges all his duty.

I believe that the judgment ought to be set aside, and that upon the admitted facts judgment ought to be rendered for the Bridge Company.